## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### www.flmd.uscourts.gov

JANE DOE,

      Plaintiff,                          Case No. 8:25-cv-03362-TPB-AEP

vs.

STEVEN C. MESSER,

      Defendant.

_____/

## PLAINTIFF'S MOTION TO STRIKE (IN PART) DEFENDANT'S ANSWER (DKT. NO. 18) AND AMENDED ANSWER (DKT. NO. 19), SEALING DEFENDANT'S ANSWER AND AMENDED ANSWER, AND IMPOSING FILING RESTRICTIONS

Plaintiff JANE DOE (herein "Plaintiff Doe"), by and through the undersigned counsel, and, pursuant to Fed.R.Civ.P. 12(f), 15 U.S.C. § 6851 (b)(3), Fed.R.Civ.P. 16, and Fed.R.Civ.P. 26(c), respectfully requests that this Court issue an Order (1) sealing both Defendant's original Answer (Dkt. No. 18, Jan. 8, 2026) and amended Answer (Dkt. No. 19, Jan. 9, 2026) and striking the portions of those documents that contain (a) personal identifying information for Plaintiff Doe, and (b) references to names and locations where third parties can access nonconsensual intimate/explicit content of Plaintiff Doe; (2) precluding the filing of unsealed materials in this case that identify Plaintiff by name or through reference to intimate content depicting or allegedly depicting her, and (3) granting Defendant leave to file a (second) Amended

Answer that comports with the [proposed] Order. The bases for Plaintiff's request are set forth herein and in the supporting Memorandum filed herewith.

Plaintiff Doe's Complaint asserts a claim under 15 U.S.C. § 6851, the federal statute providing a civil cause of action for the nonconsensual disclosure of intimate images (or "CARDII"), as well as state law claims arising from the nonconsensual publication of intimate images and videos depicting Plaintiff.  Pursuant to 15 U.S.C. § 6851 "[a] court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."  15 U.S.C. § 6851 (b)(3)(B).  In accordance with the statutory authority of CARDII and general legal principles that permit anonymous treatment, this Court entered an order on December 11, 2025, stating that Plaintiff is permitted to proceed anonymous, i.e. as "Jane Doe," at present in this action. (Dkt. No. 8, herein the "Anonymity Order.")  In early January, Defendant filed an Answer (Dkt. No. 18) and Amended Answer (Dkt. No. 19) disclosing personal identifying information for Plaintiff, and, thereby, frustrating the purpose of the Anonymity Order. Additionally, Defendant's responsive pleadings included graphic, gratuitous descriptions of sexually explicit content allegedly depicting Plaintiff, as well as the names and locations of such content, drawing attention to its existence and exacerbating the very harms this suit is intended to remedy.

This Court is empowered, pursuant to 15 U.S.C. § 6851(b)(3) and Federal Rules 16 and 26, to provide injunctive relief and/or issue orders that will protect a

party who has been found entitled to confidential or anonymous treatment. 15 U.S.C. § 6851(b)(3); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). Additionally, pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading […] any redundant, immaterial, impertinent, or scandalous matter" on its own or upon motion of a party. Fed. R. Civ. P. 12(f). At least one federal court has found that Rule 12(f) is an appropriate mechanism for striking a filing that contains unnecessarily explicit material publicly identifying an anonymous plaintiff in a CARDII case *See Doe v. Gipson*, 2024 WL 4945022, *3 (W.D.Tex. July 22, 2024).

In light of Defendant's conduct, it is necessary and appropriate to not only remove publicly filings identifying Plaintiff by name and the location of sexually explicit content allegedly depicting her, but, also, to offer injunctive relief under 15 U.S.C. § 6851(b)(3) that will preclude Defendant from frustrating the purpose of the Anonymity Order again.

Accordingly, pursuant to 15 U.S.C. § 6851(b)(3) and Rule 12(f), Plaintiff Doe respectfully requests that this Court enter the proposed Order attached as **Exhibit A** that

1. Seals Defendant's Answer and Amended Answer;

2. Strikes the portions of the Answer and Amended Answer that include personal identifying information for Plaintiff and descriptions of the

locations and content of sexually explicit materials concerning Plaintiff;

3. Precludes Defendant from disclosing Plaintiff's identity and the location and contents of explicit images and videos allegedly depicting Plaintiff; and

4. Grants Defendant to file a (second) Amended Answer that complies with the dictates of the Order as it relates to the identification of Plaintiff and explicit images and videos allegedly depicting Plaintiff.

A Memorandum of Law more fully setting forth the grounds for this Motion is attached hereto an incorporated herein.

## CONFERRAL UNDER LOCAL RULE 3.10

Counsel for Plaintiff met and conferred with Defendant on January 23, 2026. Defendant admitted that he made a mistake in naming Plaintiff in his answer and had assumed the entire docket was sealed. Defendant consents to this Motion and for any other efforts necessary to seal his answers from the public docket. Defendant understands the requested relief and does not oppose the relief requested.

Date: January 23, 2026             */s/ Lara Roeske Fernandez*
                                   LARA ROESKE FERNANDEZ
                                   Florida Bar No.: 0088500
                                   lfernandez@trenam.com
                                   TRENAM, KEMKER, SCHARF, BARKIN,
                                   FRYE, O'NEILL & MULLIS, P.A.

101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553

Christina Williams
(Pro Hac Vice)
BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLC
1375 E 9th Street, Suite 1700
Cleveland, OH 44114
cwilliams@bdblaw.com
Tel: (216) 736-4234

*Attorneys for Plaintiff Jane Doe*

## MEMORANDUM OF LAW

### I.    INTRODUCTION AND PROCEDURAL BACKGROUND

On December 10, 2025, Plaintiff Doe filed her Complaint against Defendant Messer. (Dkt. 1.) The Complaint asserts claims for (1) statutory relief under 15 U.S.C. § 6851 (civil action relating to the disclosure of intimate images or "CARDII"), (2) statutory relief under Fla. Stat. Ann. § 784.049(5) (providing civil cause of action for violation of Florida statute prohibiting nonconsensual dissemination of intimate images), (3) intentional interference with a business relationship, (4) intentional infliction of emotional distress, and (5) invasion of privacy by the disclosure of private facts.  (Dkt. No. 1.)  All claims arise from Defendant's nonconsensual publication and dissemination of intimate images and videos depicting (or intending to depict) Jane Doe. As alleged in the Complaint, the content published by Defendant – referred to herein as "NCII content" – has been widely disseminated across the internet, resulting in a gross invasion of Plaintiff's privacy, and harassment of Plaintiff by third parties. Plaintiff is identified in the Complaint solely as "Jane Doe" and the NCII content at issue is described in generic terms, without reference to websites on which it is posted or the titles of any images or videos. (See Dkt. 1, generally.)

On the same date Plaintiff filed her Complaint, Plaintiff filed a separate motion seeking authorization to continue to proceed anonymously in the action as

"Jane Doe" (Dkt. No. 2.) As explained in the motion, anonymous treatment was (and is) necessary and appropriate given the privacy interests at stake and, amongst other things, the increased harm Plaintiff will suffer if her identity (and thus the existence of the videos) is revealed in a public filing. (See Dkt. No. 2.)

On December 11, 2025, the Court granted Plaintiff motion to proceed anonymously. (Dkt. No. 8.) In its Order, herein the Anonymity Order, this Court stated:

> Plaintiff's "Motion to Proceed Under a Pseudonym as to Plaintiff 'Jane Doe'" (Doc. 2) is granted. Upon consideration, **the Court finds that Plaintiff has demonstrated a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings."** *See Plaintiff B. v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (enumerating factors to consider when evaluating a motion to proceed anonymously); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (same); *see also* 15 U.S.C. § 6851(b)(3)(B) ("In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."). **Plaintiff may proceed anonymously at this time.** Signed by Judge Thomas P. Barber on 12/11/2025. (RL) (Entered: 12/11/2025).

(Emphasis added.) (Dkt. No. 8.)

On January 8, 2026, Defendant, acting pro se, filed an Answer (Dkt. No. 18, herein "the Original Answer"). In the Original Answer, Defendant identified Plaintiff Doe by first name and last name. Additionally, Defendant included the location (website) and titles of intimate content allegedly depicting Plaintiff Doe. (Dkt. No. 18.) Plaintiff's name (full or partial) and NCII content allegedly depicting her are herein referred to as "Personal Identifying Information," as not only can

7

Plaintiff's identity be discerned through her name, but also through reference to content depicting her or that is intended to depict her. The Original Answer contains Personal Identifying Information in paragraphs 13, 16, 25, 26, 29, 31, 32, and 45. (Dkt. No. 18.) Further on January 9, 2026, Defendant, again acting pro se, filed an Amended Answer. (Dkt. No. 19.) In the Amended Answer, Defendant again includes Plaintiff Doe's Personal Identifying Information, which is located in paragraphs 13, 25, 26, 29, 31, and 32 of the Amended Answer. (Dkt. No. 19.) Further, both versions of the Answer include extremely graphic and gratuitous descriptions of the sexually explicit content allegedly depicting Plaintiff. These descriptions serve no legitimate purpose with regard to the assertion of any defense and are indicative of an improper attempt to humiliate and distress Plaintiff Doe.

Accordingly, Plaintiff Doe respectfully requests that this Court grant this Motion and enter the proposed order, which will remedy the damage caused by the improper identification of Plaintiff in Defendant's Answer and Amended Answer and prevent the same issues from occurring again in this litigation.

## II. LAW AND ARGUMENT

As discussed in Plaintiff's December 10, 2025 motion for anonymous/pseudonymous treatment, "[a] court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym" in a claim brought pursuant to 15 U.S.C. § 6851 (b)(3)(B). In such cases, courts have granted combined

motions to proceed anonymously alongside requests for limited protective orders that ensure an anonymity order will not be frustrated by an opposing party's actions. *Doe v. Unknown Party*, 2024 WL 492231, *4 (D.Ariz. Feb. 7, 2024).

Thus, for example, in *Doe v. Unknown Party*, 2024 WL 492231, *4 (D.Ariz. Feb. 7, 2024), the plaintiffs, who were pursuing a CARDII action, filed a motion to proceed pseudonymously (and for pseudonymous treatment of the defendant in light of his prior relationship with the plaintiff) and for a protective order requiring, amongst other things, (1) the use of pseudonyms ***only*** in any filed documents, (2) that any documents containing true names be filed under seal, (3) that counsel for the parties could disclose the true identities only to the parties, their employees, and experts retained but only to the minimum extent necessary to litigate the action, (4) any person to whom disclosure was made because of the litigation must first read the protective order and ensure they are aware of the prohibitions imposed by the order, and (5) that under no circumstances should any person disclose the protected parties true identities to the media without consent or without court order. *Id.* at **4-5. Notably, this motion was made separately from the plaintiffs' request for preliminary injunctive relief regarding the ongoing *publication* or *dissemination* of intimate content.

Additionally, the Federal Rules provide means by which courts can address issues that arise – or that are expected to arise – where a party is found to be entitled

to anonymous treatment due to privacy interests at stake. For example, courts have have recognized that "[i]n cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, see Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, see Fed. R. Civ. P. 26(c), to preserve the party's anonymity . . .." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). Further, in Doe v. Gipson, 2024 WL 4945022, *3 (W.D.Tex. July 22, 2024), a CARDII case involving intimate visual material and in which the plaintiff had been authorized to proceed pseudonymously, the court found it was appropriate to use Fed.R.Civ.P. 12(f) to strike a filing by the defendant that "contain[ed] unnecessary explicit material publicly identifying Plaintiff." Generally speaking, under Fed. R. Civ. P. 12(f), a "court may strike from a pleading an […] any redundant, immaterial, impertinent, or scandalous matter" on its own or upon motion of a party.

Defendant's Answer and Amended Answer should be stricken in part pursuant to Federal Rule of Civil Procedure 12(f) because they contain immaterial and scandalous matter that is neither necessary nor appropriate to the pleading of any defense. Although Defendant is entitled to deny allegations and assert defenses, Rule 12 does not permit the use of pleadings as a vehicle to publish gratuitous sexual detail. Here, Defendant goes beyond what is required to respond to the Complaint and instead includes identifying and graphic descriptions of alleged nonconsensual

10

intimate imagery purportedly depicting Plaintiff. Such material does not advance any cognizable defense, is irrelevant to the adjudication of liability, and serves only to expose Plaintiff to further harm and needless embarrassment. Further, Plaintiff's name, for purposes of 12(f) motion, is "immaterial" in that this Court has already found that Plaintiff's name need not be included in filings of this matter and anonymity is appropriate. Defendant underscores the fact that he – the only person truly entitled to know Plaintiff's identity – is already aware of who Plaintiff is.

Striking and sealing the offending material is also warranted under the Court's case-management and protective authority pursuant to Rules 16 and 26, as well as the privacy-protective purposes of 15 U.S.C. § 6851. This action arises from the alleged nonconsensual dissemination of intimate images, and Congress has expressly recognized the need to prevent further exploitation and secondary harm to victims pursuing such claims. Allowing graphic and identifying descriptions of alleged NCII to remain on the public docket undermines those statutory objectives, defeats the Court's authorization permitting Plaintiff to proceed anonymously, and transforms the litigation itself into a means of continued abuse. Rule 26(c) authorizes the Court to prevent exactly this type of misuse of litigation process, and Rule 16 empowers the Court to manage proceedings to secure the just, speedy, and inexpensive determination of the action. The appropriate and measured remedy is to strike the challenged portions of the Original Answer and Amended Answer, seal

the existing filings, and grant Defendant—who is proceeding pro se—leave file an amended Answer that complies with the Court's orders and the governing rules.

Finally, under the foregoing authority, this Court should impose certain, express restrictions on the information that Defendant may file with this Court in the future to ensure Plaintiff's privacy interests – which have already been recognized in this Court's December 11, 2025 Order – continue to be protected unless or until this Court determines that anonymous treatment is no longer warranted. Specifically, not only must Defendant be precluded from filing personal identifying information concerning Plaintiff – such as her full or partial name, aliases, addresses, contact information, account names, or any information reasonably capable of identifying Plaintiff – but also information sufficient to locate or identify explicit content of Plaintiff that has been published to the internet. Identifying the explicit content at issue causes the same harm to Plaintiff's privacy interests as the use of her name in these filings.

Absent these protections, the Anonymity Order is illusory and the confidentiality that was contemplated for plaintiff under 15 U.S.C. 6851 is unavailable. While Plaintiff may, in the future, seek additional injunctive relief relative to the publication of content, at present, she merely seeks to address the most pressing issue created by Defendant's initial pleadings.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Doe respectfully requests that this Court grant the instant motion and enter the proposed order submitted herewith.

Date: January 23, 2026

*/s/ Lara Roeske Fernandez*
LARA ROESKE FERNANDEZ
Florida Bar No.: 0088500
lfernandez@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474 | Fax: (813) 229-6553

Christina Williams
(Pro Hac Vice)
BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLC
1375 E 9th Street, Suite 1700
Cleveland, OH 44114
cwilliams@bdblaw.com
Tel: (216) 736-4234

*Attorneys for Plaintiff Jane Doe*

CERTIFICATE OF SEVICE

I HEREBY CERTIFY that on January 23, 2026 a true and correct copy of the foregoing was served electronically by CM/ECF on all registered CM/ECF participants and/or via US First-Class Mail to: Steven C. Messer, 1626 Royal Forest Loop, Lakeland, FL 33811.

*/s/ Lara Roeske Fernandez*
Lara Roeske Fernandez

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
### www.flmd.uscourts.gov

JANE DOE,

      Plaintiff,                        Case No. 8:25-cv-03362-TPB-AEP

vs.

STEVEN C. MESSER,

      Defendant.

_____/

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER, SEALING ANSWER, AND IMPOSING FILING RESTRICTIONS

THIS MATTER comes before the Court on Plaintiff Jane Doe's Motion to Strike, in part, Defendant's Answer (Dkt. No. 18) and Amended Answer (Dkt. No. 19) pursuant to Federal Rule of Civil Procedure 12(f), to seal Defendant's Answer and Amended Answer, and to impose filing restrictions necessary to protect Plaintiff's identity and prevent the further identification of nonconsensual intimate imagery ("NCII") alleged to depict Plaintiff.

For purposes of this Order the following definitions shall apply:

    a) "Plaintiff's Identity" means Plaintiff's true name; any aliases; images or likenesses; residential or mailing addresses; email addresses; telephone numbers; social media, cloud-storage, or messaging account

identifiers; employment or educational information; family relationships; or any other information that could reasonably be used, alone or in combination, to identify Plaintiff.

b) "Identifying Description of NCII" means any reference to, description of, or information concerning alleged nonconsensual intimate imagery depicting Plaintiff, including but not limited to file names, titles, URLs, hosting platforms, account names, file paths, hash values, storage locations, descriptive labels, narrative descriptions of the content, or any other information that could reasonably be used to locate, access, recognize, or associate such content with Plaintiff.

Upon consideration, it is ORDERED as follows:

1.     Plaintiff's Motion to Strike, in part, is GRANTED. Pursuant to Federal Rule of Civil Procedure 12(f), the portions of Defendant's Answer that disclose Plaintiff's Identity, contain an Identifying Description of NCII, or include graphic descriptions of sexually explicit content allegedly depicting Plaintiff are STRICKEN as immaterial and scandalous.

2.     Defendant's Answer filed January 8, 2026 (Dkt. No. 18) and Defendant's Amended Answer filed January 9, 2025 (Dkt. No. 19) are SEALED forthwith. The Answer and Amended Answer shall remain under seal unless and until otherwise ordered by the Court.

3.      Defendant shall have fourteen (14) days from the date of entry of this Order to file a Second Amended Answer that complies fully with this Order. Any amended Answer shall not disclose Plaintiff's Identity, shall not identify alleged NCII, and shall not include graphic or narrative descriptions of sexually explicit content.

4.      Defendant shall not file any document in this action that discloses Plaintiff's Identity or contains any Identifying Description of NCII. If Defendant believes reference to such material is necessary, Defendant must first seek leave of Court and submit the proposed filing under seal. Any permitted reference shall be made only in generic, non-identifying terms.

5.      Pursuant to Federal Rules of Civil Procedure 16 and 26(c), the Court finds that the foregoing restrictions are necessary to prevent annoyance, embarrassment, and oppression, and to ensure the orderly and fair management of this action.

6.      Defendant is expressly advised that these obligations apply equally to litigants proceeding without counsel. Pro se status does not excuse noncompliance. Violations of this Order may result in sanctions, including contempt.

7.      The Clerk of Court is authorized to note and refer to Chambers any filing submitted by Defendant that appears on its face to violate this Order for appropriate action by the Court.

8.    This Order shall remain in effect for the duration of this action and thereafter unless modified by the Court.

**DONE AND ORDERED** in the Middle District of Florida on _____ _____.

_____
Thomas P. Barber
United States District Judge

cc:    Counsel of Record

Steven C. Messer
1626 Royal Forest Loop
Lakeland, FL 33811