**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmd.uscourts.gov**

JANE DOE,

Plaintiff, Case No. 8:25-cv-03362-TPB-AEP

vs.

STEVEN C. MESSER,

Defendant.
______________________________/

**JOINT MOTION FOR ENTRY OF**
**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Jane Doe ("Plaintiff"), by and through counsel, and Defendant Steven C. Messer ("Defendant"), acting pro se, hereby jointly and respectfully move this Court for an entry of the proposed Consent Judgment and Permanent Injunction, submitted herewith as **Exhibit A**. In support of this joint motion, Plaintiff and Defendant jointly stipulate as follows:

1. This action concerns claims arising from Defendant's alleged publication, dissemination, retention, and use of intimate visual depictions and related content concerning Plaintiff. The Parties have reached a complete settlement of all claims asserted in this action.

2. As a material component of that resolution, the Parties executed a

Confidential Settlement Agreement that expressly incorporates the proposed Consent Judgment and Permanent Injunction and makes compliance with the injunction a material obligation of the settlement. The Parties agreed that the proposed Consent Judgment and Permanent Injunction would be submitted to the Court for entry as part of their negotiated resolution.

3. Defendant has reviewed the proposed Consent Judgment and Permanent Injunction and knowingly, voluntarily, and expressly consents to its entry. Defendant understands that, upon entry, the Consent Judgment and Permanent Injunction will constitute an enforceable Order of this Court and may be enforced through the Court's contempt powers. Defendant further understands that the proposed Consent Judgment imposes continuing obligations that survive the dismissal of this action.

4. The parties expressly represent that the proposed Consent Judgment and Permanent Injunction is an essential, material, and non-severable component of their settlement. Plaintiff's agreement to resolve this action without receipt of a monetary settlement payment is based substantially upon Defendant's agreement to the injunctive, deletion, non-retention, cooperation, disclosure, and identity-protection provisions contained in the proposed Consent Judgment. The settlement was reached in reliance upon the entry of the proposed Consent Judgment and Permanent Injunction, and absent entry of the proposed Consent Judgment and

Permanent Injunction the Parties' settlement would fail and this action would remain unresolved. The injunctive relief requested is not ancillary to the settlement; rather, it constitutes a principal component of the consideration supporting the Parties' resolution of this action.

5. The proposed Consent Judgment and Permanent Injunction reflects the Parties' agreement that future publication, dissemination, retention, or use of the content and identifying information at issue would cause irreparable harm for which monetary damages would be inadequate. The Parties further agree that the requested permanent injunctive relief is necessary to effectuate their settlement and prevent future harm.

6. The Parties submit that the proposed injunction is narrowly tailored to the circumstances of this action. The requested relief is directed solely to the categories of content, identifying information, deletion obligations, cooperation obligations, and privacy protections that form the basis of the Parties' dispute and settlement. The proposed injunction is intended to prevent future dissemination of covered content, disclosure of identifying information, and conduct reasonably calculated to connect Plaintiff to the allegations, claims, subject matter, or litigation underlying this action. The requested relief is intended solely to prevent future harm arising from the subject matter of this action.

7. Entry of the proposed Consent Judgment and Permanent Injunction will

fully resolve the Parties' dispute and substantially advance judicial economy by concluding the litigation through an agreed resolution while preserving the Court's authority to enforce the terms of the injunction. The proposed Consent Judgment and Permanent Injunction expressly provides for the Court's continuing jurisdiction to enforce its terms, and the Parties respectfully request that the Court retain jurisdiction for that purpose.

8. The Parties respectfully submit that the proposed Consent Judgment and Permanent Injunction is fair, reasonable, specific in its terms, and the product of an agreed settlement resolving disputed claims. Entry of the proposed order will effectuate the Parties' settlement and conserve judicial resources by avoiding further litigation.

9. Because Defendant is proceeding *pro se* and is not a registered ECF e-filer, this joint motion is submitted by the undersigned by agreement on behalf of both parties.

10. The Parties further advise the Court that the final procedural impediment to consummation of the settlement was removed on October 19, 2026, when an order was entered in a separate proceeding confirming that Plaintiff Doe possesses the authority necessary to resolve and release the claims asserted in this action. A copy of that order was not received by counsel until October 20, 2026.

With that issue now resolved, no further contingencies remain, and the parties respectfully request that the Court enter the proposed Consent Judgment.

## ARGUMENT

This is an agreed, non-adversarial motion. The Parties have settled every claim in this action, and their settlement is expressly conditioned on entry of the proposed Consent Judgment and Permanent Injunction. Entry is amply supported by governing law: a federal court has authority to enter a consent judgment resolving litigation, the statutes underlying Plaintiff's claims expressly authorize the injunctive relief the Parties have agreed upon, that relief satisfies the traditional four-factor test for a permanent injunction, and the proposed injunction is narrowly tailored and sufficiently specific to be enforced.

### I. The Court Has Authority to Enter the Parties' Agreed Consent Judgment.

A consent judgment is the preferred vehicle for resolving litigation by agreement. The Supreme Court has explained that "the voluntary nature of a consent decree is its most fundamental characteristic," and that it is "the parties' agreement, rather than the force of law upon which the complaint was originally based," that "creates the obligations embodied in a consent decree." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 521-22 (1986). Because a consent judgment "embodies an agreement of the parties" that is also enforceable as a judicial decree, it has "elements of both contracts and judicial

decrees." *U.S. v. City of Tampa, Fla.*, 739 F. Supp. 3d 1055, 1062-63 (M.D. Fla. 2024).

In this Circuit, "[d]istrict courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Id.* at 1061. The court does not give a consent judgment "perfunctory approval," rather it must satisfy itself that the proposal "represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation." *Id.* at 1063. A consent judgment must also "spring from, and serve to resolve, a dispute within the court's subject-matter jurisdiction, . . . come within the general scope of the case made by the pleadings, and . . . further the objectives of the law upon which the complaint was based." *Id.* at 1062 (citing *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997)) (citation modified). Article III supplies the outer limit: a court may order forward-looking injunctive relief where "the risk of harm is sufficiently imminent and substantial," even in a consent judgment. *City of Tampa*, 739 F. Supp. 3d at 1061.

The proposed Consent Judgment satisfies each requirement. It springs directly from, and fully resolves, the claims pleaded in this action concerning Defendant's nonconsensual publication, dissemination, retention, and use of intimate visual depictions of Plaintiff. The relief is forward-looking and addressed to an imminent and substantial risk of renewed dissemination of the very content

that gave rise to this suit. And Defendant, though proceeding *pro se*, has reviewed the proposed judgment and consents to its entry knowingly, voluntarily, and expressly, with full understanding that it will be an enforceable order of this Court. Courts routinely enter consent judgments against *pro se* parties on such a showing of knowing and voluntary consent. *E.g.*, *U.S. v. Estes*, No. 2:24-cv-11, 2024 WL 5505218 (N.D. W. Va. Nov. 7, 2024).

**II. The Statutes Underlying Plaintiff's Claims Expressly Authorize the Requested Injunctive Relief.**

The injunctive relief the Parties have agreed upon is expressly authorized by the statutes that govern claims of this kind, confirming that the relief is neither unlawful nor beyond the Court's power. The federal civil remedy for the nonconsensual disclosure of intimate images provides that, "in addition to any other relief available at law," a court "may . . . order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(b)(3)(A)(ii).

Florida law likewise authorizes the relief. An aggrieved person may bring a civil action for sexual cyberharassment "to obtain all appropriate relief in order to prevent or remedy a violation," including "injunctive relief." Fla. Stat. § 784.049. A parallel civil remedy for the unauthorized promotion of a sexually explicit image similarly authorizes "injunctive relief." Fla. Stat. § 836.14. Thus, because the

agreed permanent injunction tracks relief that both federal and state law expressly provide, the injunction serves to further the objectives of the laws on which this action is based.

**III. The Proposed Permanent Injunction Satisfies the Traditional Four-Factor Standard.**

A plaintiff seeking a permanent injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *In re Willis*, 411 B.R. 783, 786 (Bankr. S.D. Fla. 2009); *RJ's Int'l Trading, L.L.C. v. Crown Castle S., L.L.C.*, No. 20-25162-CIV, 2023 WL 2002372, at *4 (S.D. Fla. Ja. 13, 2023). Each factor is satisfied here.

First, the dissemination of a person's intimate visual depictions causes irreparable injury. Courts in this State and elsewhere have recognized that the disclosure of a sexually explicit image "severely injures [the] right to privacy" and inflicts harm that cannot be undone. *Diaz v. Hernandez*, No. 24-81151-CIV, 2024 WL 5341743, at *3 (S.D. Fla. Oct. 29, 2024). The Parties have accordingly stipulated that future publication, dissemination, retention, or use of the content at issue would cause irreparable harm.

Second, monetary damages are inadequate. Where a defendant retains the

ability to disseminate intimate content, the harm from renewed disclosure "lack[s] an adequate legal remedy," and only injunctive relief can prevent it. *Doe. v. Alame*, No. 3:25-cv-0329-B, 2026 WL 158804, at *7 (N.D. Tex. Jan. 21, 2026). Consistent with that principle, Plaintiff has agreed to resolve this action without any monetary payment, relying instead on the injunctive, deletion, non-retention, and related protections that only equitable relief can secure.

Third, the balance of hardships favors an injunction. Requiring Defendant to refrain from further unlawful dissemination of Plaintiff's intimate materials imposes minimal or no cognizable burden, which is insignificant compared to the continuing harm to Plaintiff that the injunction prevents. *Id.*

Fourth, the public interest is served, not disserved. Congress and the Florida Legislature created these causes of action precisely to protect individuals from the nonconsensual dissemination of intimate images, reflecting a strong public interest in preventing such conduct. *Doe v. Constant*, No. 24-cv-554, 2024 WL 3512136, at *4 (W.D. La. July 23, 2024).

**IV. The Proposed Injunction Is Narrowly Tailored and Satisfies Rule 65(d).**

An injunction "must be narrowly tailored to the proven legal violations and restrain no more conduct than reasonably necessary," and "must . . . describe the restrained acts in reasonable detail such that there is no uncertainty or confusion as to the conduct proscribed." *Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, 21

F.4th 1267, 1280 (11th Cir. 2021). These requirements apply even to an agreed injunction: "Consent judgment or not, a district court must abide by Rule 65(d)'s requirement that injunctions state their terms specifically and describe in reasonable detail the act or acts restrained or required." *City of Tampa*, 739 F. Supp. 3d at 1066. An injunction should let the enjoined party "know what he is ordered to do or not to do" from within its four corners and be "phrased in terms of objective actions." *U.S. v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1362 (11th Cir. 2019).

The proposed injunction meets these standards. Its prohibitions are limited to the categories of content, identifying information, deletion and cooperation obligations, and privacy protections that form the basis of the Parties' dispute and settlement, and it is directed solely to preventing future harm arising from the subject matter of this action. Its terms are stated with the specificity required to place Defendant on clear notice of his obligations and to permit enforcement, if necessary, through the Court's contempt power.

**V. The Court Should Retain Jurisdiction to Enforce the Consent Judgment.**

Finally, the Parties respectfully request that the Court retain jurisdiction to enforce the Consent Judgment and Permanent Injunction. A federal court has ancillary jurisdiction to enforce a settlement where "the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal, either by separate provision (such as a provision 'retaining jurisdiction'

over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (citation modified). Where the parties so agree, "the court is authorized to embody the settlement contract in its dismissal order or . . . retain jurisdiction over the settlement contract." *Id.* The proposed order provides expressly for the Court's continuing jurisdiction, ensuring that the injunction's continuing obligations, which survive dismissal, remain enforceable through this Court's contempt power.

WHEREFORE, for the foregoing reasons, the parties jointly and respectfully request that the Court enter the Consent Judgment and Permanent Injunction, in the form of the attached Exhibit A, retain jurisdiction to enforce the same, and grant such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), the parties conferred in good faith by email on October 26, 2026, to discuss the relief sought herein and the parties agree in all respects to the relief sought herein and jointly support the motion.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Andrew C. Stebbins*

Andrew C. Stebbins
(Pro Hac Vice)
BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLC
1375 E 9th Street, Suite 1700
Cleveland, OH 44114
astebbins@bdblaw.com
cwilliams@bdblaw.com
Tel: (216) 736-4234

LARA ROESKE FERNANDEZ
Florida Bar No.: 0088500
ANTHONY P. MARZOCCA
Florida Bar No.: 1068857
amarzocca@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474

*Attorneys for Plaintiff Jane Doe*

/s/ Steven Messer (per email consent 10.27.26)

STEVEN MESSER
*Defendant, Pro Se*