**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JANE DOE,

Plaintiff,

v. Case No. 8:25-cv-3362-TPB-AEP

STEVEN C. MESSER,

Defendant.
_______________________________________/

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

The Court finds that:

A. Plaintiff has asserted claims arising from the alleged publication, disclosure, dissemination, retention, and use of intimate visual depictions and related content.

B. The parties have entered into a settlement agreement resolving the action.

C. Entry of this Order is a material term of the parties' settlement.

D. The parties have represented that, in lieu of a monetary settlement payment, Defendant has agreed to provide sworn financial disclosures concerning his assets, liabilities, income, accounts, and property interests.

E. Plaintiff's agreement to resolve the action without receipt of monetary consideration is based in part upon Defendant's representations regarding his financial condition and Defendant's agreement to provide a sworn debtor's schedule and financial disclosure under penalty of perjury.

F. The parties acknowledge that the accuracy and completeness of Defendant's sworn financial disclosures are material terms of the parties' settlement.

G. The Court finds that Defendant's agreement to provide sworn financial disclosures constitutes part of the consideration supporting the parties' settlement and the entry of this Order.

H. Defendant knowingly, voluntarily, and expressly consents to entry of this Order.

I. The parties acknowledge that future publication or dissemination of images, depictions, or identifying information concerning Plaintiff would cause irreparable harm for which monetary damages would be inadequate.

J. Plaintiff's ability to proceed anonymously is a material component of the parties' resolution of this action.

K. Defendant knows the identity of the individual proceeding under the pseudonym Jane Doe and acknowledges that maintaining the confidentiality of Plaintiff's identity is a material term of the parties' settlement.

L. The parties acknowledge that Plaintiff retains the sole and exclusive right to determine whether, when, and to what extent she discloses her identity, her participation in this action, or the facts underlying this action. Nothing in this Order shall be construed to restrict Plaintiff's ability to identify herself or publicly discuss matters relating to Plaintiff, this action, or the events giving rise to this action.

M. The Court finds that disclosure of Plaintiff's identity in connection with the allegations, claims, or subject matter of this action would likely cause irreparable harm for which monetary damages would be inadequate.

N. The injunctive relief contained herein is narrowly tailored to effectuate the parties' settlement and to prevent future harm.

## DEFINITIONS

For the purposes of this Order:

A. **"Covered content"** means any image, photograph, video, recording, audiovisual work, screenshot, portrait, likeness, visual depiction, intimate visual depiction, synthetic depiction, deepfake, altered depiction, manipulated depiction, derivative work, copy, archive, cache, or substantially similar reproduction depicting or purporting to depict Plaintiff.

B. **"Publish"** includes posting, uploading, transmitting, distributing, displaying, sharing, providing access to, licensing, selling, reposting, linking to, or otherwise disseminating content.

C. **"Identifying information"** means Plaintiff's name, former names, aliases, address, telephone number, email address, employer, educational information, family relationships, business information, social media information, and any other information reasonably capable of identifying Plaintiff as the individual proceeding under the pseudonym Jane Doe.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Steven C. Messer and all persons acting in concert or participation with him who receive actual notice of this Order are **PERMANENTLY ENJOINED** from publishing any covered content.

2. Defendant shall not encourage, solicit, induce, request, direct or assist any other person in engaging in conduct prohibited by this Order.

3. Defendant is **PERMANENTLY ENJOINED** from publicly identifying, confirming, verifying, disclosing, suggesting, implying, or otherwise communicating that Plaintiff is the individual proceeding under the pseudonym "Jane Doe" in this action. Defendant is further permanently enjoined from publishing identifying information where such content is reasonably calculated to identify Plaintiff or connect Plaintiff to the allegations, claims, subject matter, or litigation underlying this action.

a. The restrictions contained in this Paragraph 3 apply solely to Defendant and persons acting in concert or participation with Defendant. Nothing in this Order shall limit Plaintiff's right to identify herself, disclose her identity, disclose her participation in this action, discuss the allegations, claims, facts, subject matter, settlement, or Injunction arising from this action, or otherwise publicly communicate information regarding herself.

b. Plaintiff's election to disclose any such information shall not relieve Defendant of any obligation imposed by this Order, including Defendant's

continuing obligation not to identify Plaintiff as the individual proceeding under the pseudonym Jane Doe.

4. Within fourteen (14) days of entry of this Order, Defendant shall delete and remove from his possession, custody, or control all covered content, including all copies stored on computers, phones, tablets, electronic storage devices, cloud-storage services, email accounts, messaging platforms, social-media accounts, or other electronic media.

5. Defendant is **PERMANENTLY ENJOINED** from possessing, retaining, storing, archiving, maintaining, preserving, saving, downloading, backing up, copying, transferring between devices, or otherwise keeping covered content.

6. Within fourteen (14) days of entry of this Order, Defendant shall provide to Plaintiff's counsel a sworn declaration identifying:

a. Every electronic account used by Defendant to publish, store, retain, archive, back up, or otherwise maintain covered content;

b. Every website, platform, service, or location known by Defendant where covered content was published, stored, retained, archived, backed up or otherwise maintained; and

c. Every device known by Defendant to have contained, stored, retained, archived, backed up, or otherwise maintained covered content.

7. Within fourteen (14) days of entry of this Order, Defendant shall submit reasonable requests necessary to remove any remaining covered content from websites, platforms, and online services known to Defendant and shall

reasonably cooperate with future removal efforts. Defendant shall reasonably cooperate with future removal efforts relating to covered content, including execution of declarations, notices, takedown requests, authorizations, copyright-related documents, and other materials reasonably requested by Plaintiff.

8. Except as otherwise ordered by the Court, all compliance, cooperation, disclosures, certifications, notices, communications, requests, document productions, and other actions required of Defendant under this Order shall be made through Plaintiff's counsel. Defendant shall have no right to communicate directly with Plaintiff regarding compliance with this Order, and Plaintiff may enforce and administer this Order exclusively through counsel.

9. Defendant shall execute all documents reasonably necessary to transfer to Plaintiff any copyright, copyright registration, publication right, licensing right, derivative-work right, enforcement right, renewal right, DMCA right, or other intellectual-property interest Defendant possesses in covered content.

10. Within fourteen (14) days of entry of this Order, Defendant shall provide Plaintiff's counsel with a sworn debtor's schedule and financial disclosure, executed under penalty of perjury, identifying all assets, liabilities, income sources, financial accounts, real property interests, personal property interests, business interests, claims, causes of action, and transfers of property known to Defendant. Any material omission, concealment, misrepresentation, or false statement in the debtor's schedule and financial disclosure shall constitute a violation of this Order.

Defendant shall supplement the debtor's schedule and financial disclosure within fourteen (14) days of becoming aware that any information contained therein was materially inaccurate or incomplete.

11. Within twenty-one days (21) of entry of this Order, Defendant shall provide Plaintiff's counsel with a sworn compliance certification executed under penalty of perjury certifying that:

a. Defendant has complied with paragraphs 4 through 10, inclusive, of this Order;

b. All covered content known to Defendant has been deleted and removed from Defendant's possession, custody, or control;

c. Defendant is not knowingly retaining, storing, archiving, maintaining, preserving, saving, backing up, or otherwise keeping any covered content;

d. All accounts, devices, websites, services, and platforms required to be disclosed have been disclosed;

e. All removal requests required by this Order have been submitted; and

f. The certification is true and complete to the best of Defendant's knowledge, information, and belief.

g. Defendant's sworn debtor's schedule and financial disclosure remains true, accurate, and complete to the best of Defendant's knowledge, information and belief.

12. Defendant acknowledges that covered content may exist on websites, platforms, services, archives, accounts, and systems outside Defendant's possession, custody, or control. Defendant nevertheless shall reasonably cooperate with Plaintiff in the identification, location, removal, suppression, de-indexing, disabling, or restriction of access to covered content that Defendant originally posted, uploaded, transmitted, disseminated, or caused to be disseminated.

13. The Court finds that covered content is subject to the injunctive relief granted herein, and, accordingly:

a. Plaintiff may provide a copy of this Order to any website operator, hosting provider, internet service provider, social-media platform, search engine, registrar, content distribution service, or other third party for purposes of obtaining removal, suppression, de-indexing, disabling, blocking, or restriction of access to covered content.

b. The Court authorizes Plaintiff to represent to third parties that covered content is subject to this Order and the injunctive relief granted herein.

c. Any third party receiving actual notice of this Order may rely upon this Order in determining whether to remove, disable access to, suppress, de-index, block, or otherwise restrict access to covered content.

14. Defendant is **PERMANENTLY ENJOINED** from contacting Plaintiff's family members, employers, business associates, clients, licensing authorities, educational institutions, professional organizations, or prospective employers for any purpose related to Plaintiff.

15. Defendant acknowledges and agrees that any violation of this Order shall constitute irreparable harm and may subject Defendant to all remedies available to the Court, including contempt sanctions, coercive sanctions, compensatory sanctions, attorneys' fees, costs and additional injunctive relief.

16. The Court retains jurisdiction to enforce the terms of this Order, to adjudicate any motion relating to compliance with this Order, and to determine disputes concerning Defendant's debtor's schedule and financial disclosure.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of November, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE